WO

MDR

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Scott Mascher, et al.,<br><br>　　　　　　　　Defendants. | No.   CV 20-08197-PCT-JAT (JFM)<br><br><br>**ORDER** |

On August 3, 2020, Plaintiff Gerald Vaughn Gwen, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, a Motion for Appointment of Counsel, and an Application to Proceed In Forma Pauperis.  On August 28, 2020, he filed a Motion for Leave to File an Amended Complaint and lodged a proposed Amended Complaint.  In a September 8, 2020 Order, the Court denied the deficient Application to Proceed, gave Plaintiff thirty days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis, and denied without prejudice the Motion for Leave to File an Amended Complaint and the Motion for Appointment of Counsel.

On September 23, 2020, Plaintiff filed a First Amended Complaint (Doc. 8), an Application to Proceed In Forma Pauperis (Doc. 9), a Response to Court's Order Directing Resubmission, and a Motion to Appoint Counsel (Doc. 12).[1]  The Court will grant the

---

[1] Both the Response to Court's Order and Motion to Appoint Counsel list multiple case numbers.  Plaintiff should take note that he **may not file a single pleading with more than one case number on it.**  If Plaintiff wants the Court to take action in more than one

JDDL-K

Application to Proceed, dismiss the First Amended Complaint with leave to amend, and deny the Motion to Appoint Counsel.[2]

## I.  Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

. . . .

. . . .

_____

of his cases, he must file a separate original pleading and copy for the Judge, with the appropriate case number, **in each of the cases**.

[2] Plaintiff's Response relates to an Order issued in Plaintiff's other pending lawsuit, *Gwen v. Mascher*, CV 20-08225-PCT-JAT (JFM).  Thus, the Court will take no action on the Response in this case.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    First Amended Complaint**

In his six-count First Amended Complaint, Plaintiff sues Defendants Yavapai County Sheriff Scott Mascher and Captain J. Newnun.  In his Request for Relief, Plaintiff seeks monetary damages and declaratory and injunctive relief.

In **Count One**, Plaintiff raises claims under the Eighth and Fourteenth Amendments relating to adequate food and nutrition.  Plaintiff asserts Defendants, "in their command role," were in a position to "affect the day-to-day decisions and[,] through policy, procedure, [and] directives[,] directly and indirectly demonstrate deliberate indifference"

and thereby "deprive Plaintiff of his constitutional right[s] of due process [and] equal protection[], resulting in wa[n]ton unnecessary infliction of irreparable injuries."  Plaintiff contends there are "discriminatory practices in offering [meals with] higher caloric, quality, quantity and higher nutritional value to inmates identified as special dietary non-medical, which [are] not equal or co[m]mensurate to [meals given to] sim[i]larly situated inmates."

Plaintiff asserts the Detention Center has a "discriminatory practice" of charging a "class of people" for daily meals, but "pardons a class of people."  He claims the Detention Center "collects [money for meals] from inmates who have mon[ey] in their inmate trust accounts," but does not collect money from inmates who are indigent or have no money in their inmate accounts.  Plaintiff also claims there is a "substitution of soy[-]based products" that are "deficient of equal nutrition" from what was previously served and are "insufficient to sustain the recommended daily allowances for nutrition."  He asserts there are "[i]nconsistent food portions," a "reducti[o]n of daily nutritional intake," and "[i]nsufficient commissary selections to support an inmate[']s dietary requirements."  Plaintiff contends he has been deprived of adequate nutrition to maintain his health, has severely limited access to alternative sources of nutrition, and has suffered emotional distress, mental anguish, psychological pain, significant weight loss, anxiety, hypertension, and atrophy.

In **Count Two**, Plaintiff raises claims under the Eighth and Fourteenth Amendments regarding exercise and outdoor recreation.  Plaintiff asserts Defendants, "in their command role" were in a position to "affect the day-to-day decisions and[,] through policy, procedure, [and] directives[,] directly and indirectly demonstrate deliberate indifference when their actions and their failure to act deprived Plaintiff of the basic necessity of daily exercise, resulting in a wa[n]ton unnecessary infliction of irreparable injuries."  He contends there is a "discriminatory practice of offering daily outdoor exercise to inmate workers, while depriving daily access to sim[i]larly situated inmates."  He also asserts the facility does not have a gymnasium or exercise room, does not offer exercise equipment, and has an "inadequate" outdoor exercise area that is an "enclosed concrete area."

Plaintiff claims he is deprived of sunlight and fresh air because he is given only "limited access" to the outdoor area.  He also asserts there is no "available procedure" to accommodate inmates who are "incarcerated for a prolonged period of time," so he can "have relief from cell confineme[n]t."  Plaintiff alleges he has suffered emotional distress, mental anguish, psychological pain, headaches, hypertension, nosebleeds, neck and back pain, joint pain, disfigurement, cramps, lethargy, atrophy, loss of sleep, immobility, and "the possibility of disabilities becoming permanent."

In **Count Three**, Plaintiff raises a claim regarding his mail.  He claims Defendants or their agents have inappropriately opened legal correspondence outside his presence on multiple occasions; Defendants' agents have "unnecessarily delayed the delivery of legal correspondence"; and his legal correspondence has been opened on several occasions, and "agents have attempted to conceal this . . . by tampering with or covering up this fact." Plaintiff also contends jail policies violate his First Amendment rights because they "invasively require[] that all outgoing legal correspondence must be inspected before it can be sealed."  He alleges Defendants' actions, or their agents' actions, "through policy, procedure or directive," have deprived Plaintiff of his First and Fourteenth Amendment rights and have caused him "unnecessary infliction of injury," emotional distress, mental anguish, and denial of access to the courts.

In **Count Four**, Plaintiff alleges he has been subjected to overcrowding in violation of his Eighth Amendment rights.  Plaintiff asserts Defendants, "in their command role" were in a position to "affect the day-to-day decisions and[,] through policy, procedure, [and] directive[,] demonstrate deliberate indifference when[,] by their actions or failure to act[, they] did inflict unnecessary and irreparable injury."  He contends cells in the facility are built to house no more than two inmates, but Defendants consistently house three inmates in a cell, "creating serious health concerns" and "a sanitation concern," placing him at risk of "exposure to virus and d[i]sease," and depriving him of "dignity and privacy."  He alleges overcrowding in the cells is inhumane and violates federal prison guidelines and the Eighth Amendment.  Plaintiff asserts that from May to July 2017, he

was forced to sleep on the floor in close proximity to the toilet, which he contends no decent society would tolerate.  He asserts Defendants' "acts and decisions to over[]crowd the cell" show a "lack of respect for humane concern" and have caused him humiliation, mental anguish, fear, psychological pain, headaches, loss of sleep, and emotional distress.

In **Count Five**, Plaintiff alleges he has received inadequate dental care, in violation of the Eighth Amendment.  Plaintiff asserts Defendants, "in their command role" were in a position to "affect the day-to-day decisions and[,] through policy, procedure, or directive[,] demonstrate deliberate indifference when[,] by their actions or failure to act[, they] did deprive Plaintiff of adequate medical care, resulting in wanton unnecessary infliction of irreparable injuries."  Plaintiff contends the Detention Center fails to offer adequate dental care and adequate dental preventative care, asserting that the only service available is tooth extraction.  He also asserts dental services are inadequate because of the "waiting time" to see a dentist.  He claims he submitted a request to see a dentist, but had to "suffer excruciating pain" for six weeks until he received medical attention.  Plaintiff also alleges the selection of dental hygiene products or preventative care products in the commissary is inadequate.  Plaintiff contends Defendants' deprivation of adequate dental care has caused him bleeding and swollen gums, emotional distress, fear, headaches, and the possibility of permanent disabilities.

In **Count Six**, Plaintiff contends his right to due process is being violated because, "as a general practice," Defendants or their agents debit an inmate's trust account for medical costs and prescriptions "without first providing sufficient notice so that the inmate may challenge or dispute the process."  He also contends Defendants, or their agents, show "deliberate indifference to the grievance process" when a grievance "is summ[arily] dismissed at certain levels before it reaches it[]s termination of the appeals process."  Plaintiff also claims that Defendants, "pre-electronic filing," failed to provide him with a "proper grievance form" and that on one day in August 2018, he had to submit a written letter to "jail command" because he was not given the proper grievance form.

. . . .

**IV.     Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**A.     Individual Capacity Claims**

A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In the First Amended Complaint, Plaintiff alleges Defendants Mascher and Newnun, "in their command role," had the ability to affect day-to-day operations at the jail, but, through their "actions or failure to act," were deliberately indifferent. Plaintiff's allegations are insufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff has simply made vague and conclusory allegations against a group of Defendants, without any factual specificity as to what any particular Defendant did or failed to do. This is insufficient. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Plaintiff does not allege what either Defendant specifically did or failed to do and how that lead to a violation of Plaintiff's constitutional rights. Thus, the Court will dismiss without prejudice Plaintiff's claims against Defendants Mascher and Newnun in their individual capacities.

### B.   Official Capacity Claims

A suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky v. Graham*, 473 U.S. at 165. That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.* To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

To state a claim based on a policy, custom, or policy, a plaintiff must show that: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County*, *Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Liability attaches only where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in questions." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). "It is not sufficient for a plaintiff to identify a custom or policy, attributable to the [entity], that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [the jail's] inhabitants.'" *Castro v. County of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc) (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).

"Deliberate indifference is 'a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Bd. of*

*Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997).  "Deliberate indifference exists when the need 'for more or different' action 'is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymakers . . .  can reasonably be said to have been deliberately indifferent to the need.'"  *Id.* (quoting *City of Canton*, 489 U.S. at 390).

### 1.    Count One

Plaintiff claims there is discrimination because inmates "identified as special dietary non-medical" are offered different meals "similarly situated inmates."  Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).  Even under this standard, Plaintiff has failed to state a claim.  Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently.

Plaintiff claims there is discrimination because inmates with funds in their inmate accounts are charged for meals, but indigent inmates or inmates with no funds are not. Again, Plaintiff has failed to allege that he is a member of a protected class or that there is no rational basis for treating him differently than similarly situated individuals.  Moreover, Arizona Revised Statutes section 31-121(B) provides, in part, that "the sheriff may establish procedures to recover from the inmate the cost of providing the inmate with necessary food."  Plaintiff does not allege he is being denied food because of an inability to pay, and it does not violate the Constitution to assess these fees.  *See Tillman v. Lebanon*

*County Corr. Facility*, 221 F.3d 410, 416 (3rd. Cir. 2000) ("Courts have consistently found that there is no constitutional impediment to deducting the cost of room and board from a prisoner's wages.").

Regarding Plaintiff's allegations that the soy-based products have lower nutritional value than whatever products were previously served and that portions are inconsistent, neither of these issues rises to the level of a constitutional violation if Plaintiff is receiving *adequate* nutrition.  *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (Eighth Amendment requires "only that prisoners receive food that is adequate to maintain health"). Although Plaintiff appears to be alleging that he is not receiving adequate nutrition and that this is the result of a policy or practice involving the switch to soy-based meals, he does not allege any facts to suggest policymakers were deliberately indifferent to the likelihood of a deprivation of his constitutional right to adequate food.

Finally, Plaintiff's allegation that there are "[i]nsufficient commissary selections to support an inmate[']s dietary requirements" does not state a claim because he has no right to a commissary at all.  *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("[T]here is no constitutional right to purchase food from the canteen."); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (no constitutional right to canteen products).

Thus, the Court will dismiss without prejudice Count One.

### 2.    Count Two

Regarding Plaintiff's claim of discrimination because "inmate workers" receive daily outdoor exercise, but "similarly situated inmates" do not, Plaintiff does not allege that he is a member of a protected class.  In addition, he does not allege he is similarly situated to inmates who have outdoor jobs and he has not alleged that there was no rational basis for treating him differently.

Regarding Plaintiff's complaints about the lack of an exercise room and exercise equipment, he has failed to state a claim because he has no right to these items.  *See East v. Cal. Dep't of Corr.*, 2010 WL 3463880, at *3 (E.D. Cal. Sept. 1, 2010) ("Plaintiff is not constitutionally entitled to exercise equipment.").   Plaintiff's claim that the outdoor

exercise area is "inadequate" is vague and conclusory, and Plaintiff has provided no information, other than alleging the exercise area is an "enclosed concrete area," to indicate how or why the exercise area is constitutionally deficient. *See Rotondo v. Ryan*, 2012 WL 424384, at *14 (D. Ariz. Feb. 9, 2012) (no constitutional violation where "the 'recreation area' is simply a 10x20 walled, concrete box with 20-foot high walls and a steel grated, mesh top" and "[plaintiff's] only contact with the sun is an occasional glimpse through a skylight"). Plaintiff's allegation that he is only given "limited" access to the outdoor area is similarly vague; Plaintiff provides no information regarding the frequency of his access. Similarly vague is his allegation regarding the lack of a procedure so inmates who are "incarcerated for a prolonged period of time" can "have relief from cell confinement."

Moreover, even if Plaintiff's allegations rose to the level of a constitutional violation, he has alleged nothing to suggest any policies regarding exercise were the result of policymakers' deliberate indifference to the likelihood of a deprivation of his constitutional rights.

Thus, the Court will dismiss without prejudice Count Two.

### 3. Count Three

Plaintiff's allegations that his legal correspondence was opened outside his presence or Defendants' agents have delayed the delivery of his legal mail appear to be based on individual conduct, not a policy, practice, or custom. As previously noted, Plaintiff's individual capacity claims are insufficient.

Regarding Plaintiff's claim that "all legal correspondence must be inspected before it can be sealed," he has failed to state a claim because a detainee's outgoing mail can be inspected for contraband. *See Nordstrom v. Ryan*, 856 F.3d 1265, 1271 (9th Cir. 2017) (prison officials may inspect, but not read a prisoner's outgoing legal mail in his presence).

Thus, the Court will dismiss without prejudice Count Three.

### 4. Count Four

Overcrowding alone does not violate the Eighth or Fourteenth Amendments. *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982). A plaintiff may state a cognizable

claim where he alleges that overcrowding results in some unconstitutional condition.  *See, e.g., Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, communicable diseases, and confrontations between inmates); *see also Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (constitutional violation may occur as a result of overcrowded prison conditions causing increased violence, tension, and psychiatric problems). However, Plaintiff has alleged nothing to suggest any policies regarding overcrowding were the result of policymakers' deliberate indifference to the likelihood of a deprivation of his constitutional rights.  Thus, the Court will dismiss without prejudice Count Four.

### 5.    Count Five

Defendants are not responsible for policies regarding the provision of dental care in the jail.  Under Arizona law, health care for inmates in the County Jails is the responsibility of the County, not either Defendant.  *See* A.R.S. § 11-291(A); *Rogers v. Maricopa County Sheriff's Office,* 2008 WL 898721, at *2 (D. Ariz. Mar. 31, 2008) ("Although Arizona places responsibility for operating county jails by law upon the county sheriff, the county is responsible for the provision of medical care to inmates.").

Moreover, Plaintiff does not allege that the delay in dental treatment, or the provision of extractions only, is the result of a policy, practice, or custom, or that the policy was enacted with deliberate indifference to serious dental needs.  *See Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) ("a policy that results in delayed treatment is not unconstitutional unless it evinces deliberate indifference to serious medical needs.  The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish.").  Finally, as previously noted, Plaintiff does not have a right to a commissary at all, so there is no merit to his claim that the dental hygiene products in the commissary are "inadequate."

Thus, the Court will dismiss without prejudice Count Five.

. . . .

. . . .

### 6.     Count Six

Plaintiff claims Defendants charge for medical visits and prescriptions without first providing sufficient notice.   However, Arizona Revised Statutes section 31-161(A) authorizes the sheriff to

> charge each inmate who is committed to jail by competent authority a reasonable fee or copayment of not more than ten dollars for each inmate initiated health service that is provided, for each medical visit to a physician that is referred by a physician, a physician assistant or nurse practitioner or for prescription drugs that a county jail health services agency dispenses to an inmate.

Moreover, even if Plaintiff had alleged that he was improperly charged for a medical visit or prescription, the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."   *Daniels v. Williams*, 474 U.S. 327, 328 (1986).   Even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.   *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).   The availability of a common-law tort suit constitutes an adequate post-deprivation remedy.   *Id.* at 534-35; *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims *and* prison grievance procedures provide adequate post-deprivation remedies).   Thus, Plaintiff has failed to state a claim regarding the charges for medical visits and prescriptions.

Plaintiff has also failed to state a claim regarding his allegations that grievances are dismissed before they reach the "termination of the appeals process" or that he had to submit a grievance letter on one occasion because he was not given a proper grievance form.   "There is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim.   *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of

grievance system procedures do not deprive inmates of constitutional rights).   "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration."   *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Thus, the Court will dismiss without prejudice Count Six.

**V.   Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  **Plaintiff may include only one claim per count**.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.   Motion to Appoint Counsel**

Plaintiff seeks the appointment of "co-counsel," claiming he is indigent and cannot afford counsel; he will be "severely handicap[p]ed" without counsel because the issues in

his case are factually complex and will require "investigation, records gathering, subp[oe]na, discovery and disclosures"; he has no formal legal training and, therefore, cannot adequately and forcefully adjudicate his claims; he has no means of legal assistance at the facility that "would fill the void of adequate legal assistance"; he is likely to succeed on the merits of his claims, but the "presentation of evidence" at an evidentiary hearing "would only be possible through [the] assistance of co-counsel"; and he cannot "self examine," so the lack of counsel will result in a denial of his Sixth Amendment right to testify on his own behalf.

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion to Appoint Counsel.

## VII.   Warnings

### A.   Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

(2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)     Plaintiff's Motion to Appoint Counsel (Doc. 12) is **denied without prejudice**.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 9th day of October, 2020.

James A. Teilborg
Senior United States District Judge

JDDL-K

- 17 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____

                 Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

## CIVIL RIGHTS COMPLAINT
## BY A PRISONER

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed
as: _____ at_____.
(Position and Title)                                          (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                          (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed
as: _____ at_____.
(Position and Title)                                          (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed
as: _____ at_____.
(Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities       ☐ Mail       ☐ Access to the court     ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion    ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?        ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court         ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count II?         ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                   ☐ Yes        ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes        ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes        ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.