WO                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen, | No.   CV 20-08197-PCT-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Scott Mascher, et al., | |
| Defendants. | |

On August 3, 2020, Plaintiff Gerald Vaughn Gwen, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, a Motion for Appointment of Counsel, and an Application to Proceed In Forma Pauperis. On August 28, 2020, he filed a Motion for Leave to File an Amended Complaint and lodged a proposed Amended Complaint. In a September 8, 2020 Order, the Court denied the deficient Application to Proceed, gave Plaintiff thirty days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis, and denied without prejudice the Motion for Leave to File an Amended Complaint and the Motion for Appointment of Counsel.

On September 23, 2020, Plaintiff filed a First Amended Complaint, an Application to Proceed In Forma Pauperis, a Response to Court's Order Directing Resubmission, and a Motion to Appoint Counsel. In an October 9, 2020 Order, the Court granted the Application to Proceed, dismissed the First Amended Complaint because Plaintiff had

failed to state a claim, denied the Motion to Appoint Counsel, and gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order.[1]

On October 21, 2020, Plaintiff filed a "Clarification of the Court[']s O[r]der Directing Resubmission of Complaint" (Doc. 15) and a Motion for the Appointment of Counsel (Doc. 16).

**I.      Request for Clarification**

In his "Clarification of the Court[']s O[r]der Directing Resubmission of Complaint," Plaintiff seeks clarification of the October 9 Order and requests the Court "be more specific as to whether [Plaintiff's Second] Amended Complaint should include argu[]ments and authorities in support of the facts that were presented." Plaintiff contends that the instructions included with the court-approved form specifically request that he make no arguments and provide no authorities of law, but the October 9 Order "clearly states that the Plaintiff does not plead specific authorities constituting a claim." Plaintiff also claims that the October 9 Order requires him to provide facts or information "beyond the scope of initiating a valid claim for damages" and that the Court's statement that Plaintiff's allegations were vague and conclusory "reaches a level of untenable ground that the Plaintiff can only respond [to] by argu[]ments or authorities of law."

As the Court explained in the October 9 Order, it was Plaintiff's *factual allegations* in the First Amended Complaint that were vague and conclusory. If Plaintiff files a second amended complaint, he does not need to provide argument or authorities of law, but he does need to provide sufficient *facts* to state a claim against a particular defendant. The Court will grant the "Clarification" to the extent this Order provides Plaintiff with increased specificity regarding the requirements for filing a second amended complaint.

. . . .

. . . .

. . . .

---

[1] The Court took no action on the Response because it related to an Order issued in Plaintiff's other pending lawsuit.

**II.     Motion for the Appointment of Counsel**

Plaintiff claims he is unable to afford counsel, has no legal training and a limited knowledge of the law, and has limited access to a law library or other legal materials. Plaintiff also asserts that the case is factually and legally complex, may require expert testimony, and will require the discovery of documents and the deposition of witnesses. He asserts the testimony in the case will be sharply conflicting and he has no ability to investigate the facts or locate and interview witnesses because he is serving a sentence in the county jail.  Plaintiff also contends his case has merit and if it proceeds to trial, he "would be unable to exercise his constitutional right to testify on his behalf."

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's Motion for the Appointment of Counsel.

**III.    Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

(2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in the October 9, 2020 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of the October 9, 2020 Order, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's "Clarification of the Court[']s O[r]der Directing Resubmission of Complaint" (Doc. 15) is **granted** to the extent this Order provides Plaintiff with clarification of the October 9, 2020 Order.

. . . .

(2)    Plaintiff's Motion for the Appointment of Counsel (Doc. 16) is **denied without prejudice**.

Dated this 30th day of October, 2020.

*James A. Teilborg*
Senior United States District Judge